IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARVIN REEVES                                                                          PLAINTIFF

          v.                              Civil No. 6:11-cv-06047

RAY HOBBS, Director of the
ADC, Central Office; B. HOLLIMAN,
Review Officer, Malvern Unit; OFFICER
JUDGE LANGSTON, Malvern Unit;
JAILER TAYLOR, Malvern Unit; WIGGINS,
Malvern Unit; CAPTAIN PARKS, Malvern
Unit; LIEUTENANT DANIELS, Malvern
Unit; SERGEANT VIA, Malvern Unit;
MAJOR McHAN, Malvern Unit; and
DEPUTY KING, Malvern Unit                                                           DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

     Plaintiff, Marvin Reeves, filed this action pursuant to the provisions of 42 U.S.C. § 1983.

He proceeds *pro se* and *in forma pauperis.*  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and

(3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the

undersigned for the purpose of making a report and recommendation.

     The events that are the subject of this action occurred while Plaintiff was incarcerated at the

Ouachita River Correctional Unit (ORCU) of the Arkansas Department of Correction (ADC) located

in Malvern, Arkansas.  While incarcerated at the ORCU, Plaintiff maintains the Defendants retaliated

against him for utilizing the grievance process, failed to protect him, falsified documents, coerced

him, and falsely filed grievances against him.  Plaintiff is now incarcerated at the East Arkansas

Regional Unit of the ADC located in Brickeys, Arkansas.

     Currently pending before me for report and recommendation is a motion to dismiss (ECF No.

14) filed by the Defendants. Plaintiff filed a response (ECF No. 17) to the motion.   In his addendum

(ECF No. 8 at pg. 4), Plaintiff indicates he wants to "exclude" Officer Wiggins as a Defendant.

**1.  Background**

According to the complaint and addendum, on August 21, 2010, in return for a disciplinary charge being withdrawn, Plaintiff provided information to Lieutenant Daniels, Captain Parks, and Major McHan about a nurse who was bringing contraband into the facility  The nurse was fired and the disciplinary removed.

Immediately after this occurred, Plaintiff alleges he began to be harassed by officers and threatened by inmates.  Plaintiff informed Captain Sparks of the harassment and threats and he stated he would look into it.  Plaintiff also filed a grievance with Officer Wiggins but was informed it was a non-grievable issue.  Plaintiff indicates things escalated and on September 4, 2010, he was told by Officer Langston that Nurse Cunningham was a good nurse and karma comes back around.

September 5th, when Plaintiff was carrying out his job duties and feeding inmates on lock-down, he noticed an inmate who he was not supposed to be around.  According to Plaintiff, the inmate started "skolling" him.  Plaintiff notified Corporal Taylor and Corporal Langston, moved back, and returned to the kitchen.  Later, Plaintiff was informed by Sergeant Via that he might need to speak with Lieutenant Daniels regarding the incident.  Plaintiff asked Sergeant Via to check with the officer escorting him, Officer Taylor, and ask if he did anything inappropriate.  Sergeant Via responded okay.

On September 5th, Plaintiff alleges he filed a complaint on Officer Langston for falsifying documents and retaliation for the comment he made about the nurse being fired.  The following day, Plaintiff states he was notified that he might receive a disciplinary as a result of the incident.

On September 7th, Plaintiff filed a complaint against Captain Taylor.  According to Plaintiff, Captain Taylor changed his statement regarding the September 5th incident so that it coincided with

-2-

his co-worker's statement.

On September 16th, Plaintiff alleges that Officer B. Holliman spoke to Plaintiff regarding the grievances he had filed.  According to Plaintiff, she offered him an immediate transfer if he would waive the grievances.  Plaintiff accepted but did not get a transfer.

On October 19th, Lieutenant King and Major McHan were doing a security check in isolation.  Plaintiff called out to speak to Major McHan.  Lieutenant King called out "Reeves go ahead and snitch to the major like you did to him on the nurse."

As relief, Plaintiff seeks an award of monetary damages in the amount of $30,000.

## 2.  Motion to Dismiss Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949).  The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

**3. Discussion**

Defendants contend they are entitled to dismissal of the case on the following grounds: (1) the failure to protect claim is too vague to state a claim for relief; (2) the general claims of harassment do not state a claim of constitutional dimension; (3) there is no constitutional right to be free from false disciplinary charges or false witness statements; (4) the retaliation claim must fail because Plaintiff did not exercise a constitutional right and Plaintiff cannot demonstrate discriminatory animus (5) Defendants are entitled to sovereign immunity; (6) Defendants Lieutenant Daniels, Sergeant Via, Major McHan, and Director Hobbs cannot be held liable for their subordinate's actions; (7) there is no right to a grievance procedure; and (8) Plaintiff is precluded from recovering monetary damages because he suffered no physical injury.

**Failure to Protect**

Plaintiff maintains Defendants failed to protect him from inmates and officers harassing him because he "snitched" on Nurse Cunningham.  To prevail on his failure to protect claim, Plaintiff must first prove he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "This is an objective requirement to ensure the deprivation is a violation of a constitutional right."  *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011)(citation omitted).  Second, Plaintiff must "establish the prison officials were deliberately indifferent to inmate health or safety.  This is a subjective requirement, mandating the prisoner prove the official both knew of and disregarded an excessive risk to inmate health or safety."  *Id*. (citation and internal quotation marks omitted).

The Eighth Circuit Court of Appeals has "recognized that an inmate who is considered a snitch is in danger of being assaulted or killed by other inmates."  *Irving v. Dormire*, 59 F.3d 441, 451 (8th Cir. 2008).  Being labeled a snitch by a guard, violates the guard's duty to protect inmates.

-4-

*Id.*  Plaintiff has therefore stated a plausible failure to protect claim.

### Verbal Threats and General Harassment

Clearly, "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985).  Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension.  *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension);  *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim).  *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986)(A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death.").

### False Disciplinary & False Witness Statements

"[T]he filing of a false disciplinary charge is not itself actionable under § 1983, the filing of a disciplinary charge becomes actionable if done in retaliation for the inmate's filing of a grievance." *Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994).  The false disciplinary and false witness statement claims are subsumed in the retaliatory discipline charge.

### Retaliation

Here, Plaintiff maintains false disciplinary charges were filed against him in retaliation for his providing the information that resulted in Nurse Cunningham being terminated and for submitting grievances about some of the officers.  "An inmate may maintain a cause of action for retaliatory

discipline . . . where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). "A prima facie case of retaliatory discipline requires a showing that:  (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007).

It has been held that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules and regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail.  *Goof v. Burton*, 7 F. 3d 734, 738 (9th Cir. 1993). "[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008).

Plaintiff alleges Officer Langston submitted a false disciplinary in retaliation for Plaintiff providing the information that caused Nurse Cunningham her job.  He also maintains that Deputy Taylor falsified documents to make them coincide with Officer Langston's.  The record does not contain a copy of the disciplinary action form and there is no way to determine if the decisionmaker was impartial.  The allegations state a plausible retaliatory discipline charge.

**<u>Sovereign Immunity</u>**

In their official capacities, Defendants argue they are not subject to a § 1983 lawsuit for monetary damages.  I agree.  Any official capacity claim for money damages is subject to dismissal. "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S.

265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

### Claims Against Supervisory Officials

Supervisory officials Director Hobbs, Lieutenant Daniels, Sergeant Via, and Major McHan maintain there is no basis of liability against them.  However, Plaintiff alleges that each of these individuals were personally involved in the disciplinary action, rejecting his appeals on the disciplinary action, or in failing to protect him.  Plausible claims are stated.

### Inadequate Grievance Procedure

"[N]o constitutional right was violated by defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(citation omitted).   "Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000) (*citing Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).  A jail's "refusal to entertain such grievances does not compromise the inmate's constitutional rights, as access to the courts would still be available." *Id*. (citation omitted).  "[A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

### Physical Injury

Codified as 42 U.S.C. § 1997e(e) the Prison Litigation Reform Act provides as follows: "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

The provision limits the available damages in the absence of a physical injury but does not preclude a Plaintiff from pursuing a claim. *See Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004)(The physical injury requirement of the PLRA "limit[ed] recovery for mental or emotional injury in all federal actions brought by prisoners" but does not bar the recovery of nominal and punitive damages); *see also Pool v. Sebastian County*, 418 F.3d 934, 942 n.2 (8th Cir. 2005)(Section 1997e(e) presents an issue of damages under the PLRA).

In this case, Plaintiff suffered no physial injury. Therefore, Defendants are correct when they argue that Plaintiff will be precluded from an award of compensatory damages.

### 4.  Conclusion

I therefore recommend that the motion to dismiss (ECF No. 14) be granted in part and denied in part. Specifically, the motion should be granted with respect to the following: general harassment and verbal abuse claims; official capacity claims; the claims that the grievance procedure was inadequate; and claims for compensatory damages. In all other respects, the motion should be denied. Finally, all claims against Officer Wiggins should be dismissed based on Plaintiff's statement that he wants to exclude Officer Wiggins as a Defendant. ECF No. 8 at pg. 4.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of July 2012.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE